MERRILL B. MILLS v. HENRY N. BREVOORT, WAYNE CIRCUIT JUDGE.

*Electric street railways—Injunction—Mandamus—Appeal on merits.*

Relator applied for a *mandamus* to compel the respondent to set aside an injunction, and the Court, while finding that the proceedings below were not regular, not being convinced that there is any imperative necessity for summary interference, deny the writ, but without prejudice, etc.

*Mandamus.* Submitted October 29, 1889. Denied October 30, 1889. The facts are stated by the Reporter as a preface to the opinion.

The relator asks that a *mandamus* may issue to the respondent commanding him to set aside and hold for naught an injunction made on September 5, 1889, in the case of *Detroit City Railway v. Merrill B. Mills et al.,* then pending before said respondent, commanding the relator to absolutely desist and refrain from—

"Interfering with or obstructing the erection of poles and wires, and the construction, completion, application, and use of the system

of electric motive power, described in the bill of complaint, for the operation of the street railway on Mack street or avenue in the city of Detroit," etc.

The showing made by relator is that, as administrator of the estate of Merrill I. Mills, deceased, he has title to, and is in possession of, lands having a large frontage on said Mack street; that said street was formerly about 50 feet in width; that about three years since he and other persons living along said street, for the purpose of beautifying and enhancing the value of their lands, by making a grass plot or lawn on either side of the roadway of said Mack street, caused their fences to be moved back from the line of said street a distance of about eight feet on each side thereof; that the same was done by the petitioner without any order from the probate court of Wayne county, and was not done for the purpose of making a present to the city of Detroit; that he did not intend to give up actual possession of such ground, or to dedicate the same for street purposes; and that the city of Detroit has never condemned the same or any part thereof for street purposes.

That the Detroit City Railway, acting under an ordinance of the common council of the city of Detroit set forth in the petition, has caused to be erected on either side of the center line of Mack street certain posts or poles, which are so placed as to be about 40 to 41 feet apart when measured over and across and at right angles with the line of said street; that said posts or poles are placed outside of the ditch on either side of the roadway of said Mack street, and upon the grass plot or lawn on either side of said street; that the ordinances of the city of Detroit provide that the sidewalks on either side of Mack street shall be of a uniform width of six feet; that said posts or poles are so placed that they would stand in said sidewalk, and thereby become a great nuisance and inconvenience to public travel.

That, upon the erection of said posts, said Detroit City Railway proceeded to string wires from post to post, and has caused said wires to be charged with vast quantities and currents of electricity, and that they are thereby rendered dangerous to the health and life of persons having business upon and over said Mack street. That the Detroit City Railway is now running electric cars over said Mack street; that when one of said cars is passing

one of said posts it is impossible for a large loaded wagon to pass between said car and said post, because of the close proximity of said post to the track on which said cars run. That the erection of said posts and wires is a great damage to the estate of Merrill I. Mills, deceased, in that the same has destroyed the lawn in front of said lands, and for the further reason that said posts destroy the appearance of Mack street and the property abutting thereon, etc.

The return of respondent shows that he granted a preliminary injunction in said chancery cause, and afterwards an order suspending the same; that the counsel for complainant, the Detroit City Railway, renewed the application for a preliminary injunction, and that, believing that in so superseding the preliminary injunction he had not acted under a proper understanding of the facts, he at once caused a request to be sent to Mr. Look, counsel for defendant Mills, to appear in court with reference to the subject matter; that, at the time appointed, it was conceded by Mr. Look that the city had authority to permit the erection of poles within the lines of the highway, but that the poles were, as a matter of fact, not within the highway, but upon lands actually owned by the defendants; that he announced to counsel that he would visit the site, and endeavor to determine by observation whether the posts were within the highway; that he did so visit and inspect the site August 27, 1889, to which time said matter had been continued, and announced to counsel for complainant and defendants, who were present, that he was unable to determine by inspection whether the posts were within the limits of the highway, and that he would require proof on that question; that he fixed the 29th of August for the taking of such proofs; that the testimony of witnesses was taken on that day and the following day, and that from such testimony he found the following facts:

" 1. That the complainant was a corporation, and was engaged in constructing an electric street railway on said Mack street, as alleged in the bill of complaint.

" 2. That the highway known as Mack street, upon which the premises claimed by the defendants abutted, had been open and used by the public, and improved and cared for by the public authorities, for more than 20 years, for a width of 50 feet, at the place where the said premises of the defendants so abutted.

"3. That the complainant had called upon the board of public works to supervise the construction of the said electric railway, and that the said board, through the city engineer, had established the center line of its track along Mack street, and that the said track had been constructed on said line.

"4. That the poles in question had been erected by the complainant within lines of the highway, 50 feet in width, and were not upon the strips of land claimed to be owned by the defendants, which they had permitted the public to use by moving back their fences."

The return concludes as follows:

"Respondent found that the street railway company had commenced the construction of the road in July, and that the defendants and their employés, in combination with others, had several times cut down and destroyed the poles and appliances which had been erected; doing so under cover of the night, and it was apparent that they intended to continue doing so, and made no effort to conceal their intentions of so doing, and thus prevent complainant from completing its road and putting the same in operation within the time fixed by the ordinance; which course was likely to result, in the opinion of respondent, in serious breaches of the peace, and perhaps bloodshed and loss of life.

"That prior to said preliminary hearing, on the 29th of August, said defendants had filed an original, and defendant Mills an amended, answer, plea, and demurrer to the bill, copies of which are hereto attached and made a part of this return, and that the only order respondent entered in said cause was for the issuing of an injunction to stand during the pendency of the suit, and was not a final decree in said cause, or the final decision of the merits thereof.

"That said cause is still pending, and an order was, on September 24, 1889, entered therein by complainant for the taking of the proofs; that without the consent of counsel for the defendants said cause could not be brought on for a final hearing until the next January term of this court, which would be some time after the time allowed complainant to construct and put in operation the line on Mack street; that, if the complainant was not permitted to go on with the construction, the damage to it might and probably would be very great should the court finally decide in its favor; whereas, if it was permitted to continue and construct the road, and if, upon a final hearing, it be decided that complainant was not lawfully entitled to build the road, defendants could be restored to all their rights, unimpaired, by the taking down of the poles.

"That no objection was made on the hearing to the right or power of complainant under its articles of incorporation to build or

operate an electric street railway, nor was a copy of its articles of incorporation or other evidence introduced in relation thereto, nor was the question considered by me."

*William Look* and *H. F. Chipman (Don M. Dickinson,* of counsel), for relator.

*Brennan & Donnelly* and *Hoyt Post,* for respondent.

PER CURIAM. In this case it is important that any action we take shall be such as to settle effectually the rights of the parties. The controversy is one of the most serious character, and, in the case as it now stands before us, all we could do would be to set aside an injunction, which, whether right or wrong, has spent its principal force. The mischief has been so far done that we think it would be more satisfactory to have the contest before us on the entire merits on an appeal after hearing, so that affirmative relief may be granted to defendants if entitled to it, and the whole matter disposed of completely. In declining to act now we deem it proper to allow defendants to add to their answer a claim for the effect of a cross-bill.

The proceedings below were not regular, but, under all the circumstances, we are not convinced that there is any imperative necessity for summary interference. No costs should be allowed against the relator, and we do not wish to be understood as indicating any opinion against the defendants, on the merits.

The *mandamus* is denied without costs, with leave to amend the answer, and without prejudice to any rights of defendants in the ordinary course of practice.